FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA       2018 APR -9  PM 3: 52
ORLANDO DIVISION

Civil Case Number: _____

6:18-CV-549-ORL-40
KRS

David Bacorn,

           Plaintiff,

vs.

Charter Communications, Inc. aka Spectrum
Billing Services, Inc.;

           Defendant.

## COMPLAINT

For this Complaint, Plaintiff, David Bacorn, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA")

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, David Bacorn ("Plaintiff"), is an adult individual residing in Orlando, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, Charter Communications, Inc. aka Spectrum Billing Services, Inc. ("Charter"), is a Missouri business entity with an address of 12405 Powerscourt Drive, Saint Louis, Missouri 63131, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to Defendant.

7. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

8. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 407-XXX-8467 (hereafter "Number").

9. Defendant placed calls to Plaintiff's Number in an attempt to collect a debt.

10. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

11. Defendant left multiple messages on Plaintiff's answering systems using a prerecorded voice that identified Defendant and requested a return call.

12. On or about March 1, 2017, during a live conversation, Plaintiff requested that Defendant cease all calls to his Number.

13. Nevertheless, the calls continued.

14. On or about July 28, 2017, Plaintiff again requested that Defendant cease all calls to his Number.

15. Despite Plaintiff's repeated requests, Defendant continued to call Plaintiff's Number using an ATDS and/or Robocalls at an excessive and harassing rate.

16. Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration, and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

19. Defendant's telephone system has the earmark of using an ATDS and/or using Robocalls in that Plaintiff, upon receiving voicemails from Defendant, heard a prerecorded message.

20. Defendant called Plaintiff's Number using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

21. Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

22. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

23. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

24. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

25. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

2. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 2, 2018

Respectfully submitted,

By   */s/ Tamra Givens*
Tamra Givens, Esq.
Florida Bar No. 657638
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com